IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-776-BO

| | |
|---|---|
| LARRY GENE GOOCH, SR., | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 17, 20]. A hearing on this matter was held in Elizabeth City, North Carolina on November 13, 2014 at 10:00 a.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the commissioner is REVERSED.

## BACKGROUND

Plaintiff filed applications for a period of disability and disability insurance benefits on February 14, 2011, alleging disability beginning October 31, 2004. [Tr. 148–49]. Defendant's date last insured was December 31, 2009. These applications were denied initially and upon reconsideration. On July 19, 2012, an Administrative Law Judge ("ALJ") held a hearing and rendered an unfavorable decision on July 27, 2012. The Appeals Council denied Mr. Gooch's request for review, rendering the ALJ's decision the final decision of the Commissioner. Mr. Gooch now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). On his alleged onset of disability date, plaintiff was 60 years old. [Tr. 26]. Plaintiff

completed the eleventh grade and later received a GED. [Tr. 27, 194]. His past work was with the same employer, IBM, from 1979 until 2004 [Tr. 194, 237–39].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity during the period from his alleged onset date to

2

the date last insured. [Tr. 14]. Mr. Gooch's "status post gunshot wound to his thigh and knee" qualified as a severe impairment at step two but was not found to meet or equal a Listing at step three. [Tr. 14–15]. The ALJ concluded that plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work with limitations as to, *inter alia*, sitting, standing, lifting, and stooping. [Tr. 15]. The ALJ then found that Mr. Gooch could do his past relevant work as a software engineer, and therefore determined that plaintiff was not disabled as of the date of the opinion. [Tr. 18].

Plaintiff alleges that the ALJ erred in finding at step four that plaintiff could return to his past relevant work as a software engineer because plaintiff has not worked as a software engineer in the past fifteen years. Work experience is relevant only if it was done within the last fifteen years, lasted long enough for the person to learn to do it, and constituted substantial gainful activity. SSR 82–62. The relevant period for Title II cases is the work performed for the fifteen year period preceding the date the Title II disability insured status requirement was last met. 20 CFR § 416.965. Accordingly, the relevant time period in this case is from 1994 to 2009, as plaintiff's date last insured was December 31, 2009.

At the hearing, Mr. Gooch testified multiple times that he did not work as a software engineer, but moved machines, set up labs and wiring, and tested machines. [Tr. 28, 194–95]. Mr. Gooch testified that the only code writing he performed was in the early 1980s. [Tr. 42–43]. Plaintiff further testified that since 2000, his job was as an educator and leader in a laboratory setting. [Tr. 28–29, 42–23, 194–95]. He explained that the work required him to be on his feet all day and to lift and carry up to 50 pounds of equipment. [Tr. 28–29]. Plaintiff ultimately left his job at IBM in 2004 because he was unable to perform the physical aspects of the job due to his impairments, which resulted from being "shot in the left knee in Vietnam." [Tr. 31–32]. The

3

evidence supporting the ALJ's finding that plaintiff's actual past relevant work was as a software engineer was his job title. [Tr. 194]. Plaintiff's job title alone cannot determine the substance of his work, however. *See* SSR 82–62 (explaining that "past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work."). The Court finds that the evidence of record supports a finding that the software engineer position was not performed in the fifteen years prior to adjudication, and therefore is not past relevant work.

An employment document from IBM demonstrates that claimant was employed as a Senior Lab Specialist in 1994, which is consistent with his testimony. [Tr. 246–47]. The vocational expert testified that this was a "more labor intensive job" and was classified as a microcomputer support specialist with a strength level medium. [Tr. 40–41]. The Court finds that this job more accurately describes plaintiff's past relevant work, given plaintiff's testimony and the available evidence. Plaintiff's RFC does not allow him to perform this past relevant work, however, as plaintiff is limited to less-than-sedentary work, and the microcomputer support specialist has a strength level of medium. [Tr. 40–41].

Finding that plaintiff is unable to perform his past relevant work necessitates a finding of disability under the Medical Vocational Guidelines ("grids"). Plaintiff was 60 years old at the time of his application for benefits, and his education is limited to a GED. [Tr. 26–27]. His previous work experience is skilled or semi-skilled, but due to his advanced age and limitation to skilled sedentary work, his skills are not transferrable. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x. II § 201.00(f). As such, plaintiff should have been found disabled pursuant to grid rule 201.06. 20 C.F.R. Pt. 404, Subpt. P, App'x. II § 201.06.

4

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, the ALJ clearly explained his reasoning, it was simply in error. It is clear that the record does not contain substantial evidence to support a decision denying coverage. The Court therefore reverses the decision of the Commissioner and remands to the agency for an award of benefits as of his alleged onset date of October 31, 2004.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED, this  24  day of November, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 5:13-cv-00776-BO   Document 25   Filed 11/26/14   Page 5 of 5